UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

IN RE: Catherine Diane Miller and Kenneth Gerald Stocks    )    Case No: 12-11258
                                                            )
                                                            )
                                            DEBTOR(S)       )

## CHAPTER 13 PLAN

1. **PAYMENTS**
   The Debtor or Debtors (hereinafter called "Debtor") submit to the Chapter 13 Trustee all projected disposable income to be received within the applicable commitment period of the Chapter 13 Plan (hereinafter called "Plan"). The total number of payments shall be **60**, and in the amount of **$1,800.00**. The pre-confirmation Plan payments to the Trustee must begin 30 days from the date of the filing of the Plan or the Order of Relief, whichever is earlier. The post-confirmation Plan payments to the Trustee will commence on the 20th of the first month after the Plan is confirmed. Upon post-confirmation dismissal of this Plan, all funds held by the Trustee shall be disbursed to Administrative Costs and Creditors.

   Debtor elects a voluntary wage order: NO

2. **PRE-CONFIRMATION ADEQUATE PROTECTION PAYMENTS: NONE**

3. **ADMINISTRATIVE COSTS**
   Trustee shall receive a percentage of each plan payment, whether made before or after confirmation, as established by the United States Trustee.

   Chapter 13 Attorney fees may be included in a Chapter 13 Plan. Fees and costs requested for allowance are as follows:

| Total Fees & Costs Requested | Fees & Costs Received | Balance of Fees & Costs Due | Monthly Payment |
|---|---|---|---|
| $6,000.00 | $2,000.00 | $4,000.00 | $400.00 |

   Fees and costs allowed shall be paid at a monthly rate not to exceed 10% of the balance of the above fees and costs remaining to be paid and will accrue concurrently with pre-confirmation adequate protection payments listed in Section 2 above and will be paid with Secured Debt as listed in Section 4A below. Upon a pre-confirmation dismissal, all accrued pre-confirmation attorney fees and costs payments held by the Trustee shall be disbursed to the attorney.

4. **SECURED DEBT**
   Interest shall accrue on all secured claims from the date the petition is filed. Interest will be calculated at 10% per annum unless the Debtor specifies otherwise in this Plan. Secured Creditors will retain their liens until their allowed secured claims have been paid.

   A) **Post-Confirmation Payments to Creditors Secured by Personal Property: NONE**

   B) **Surrender of Property: NONE**

   C) **Post Petition Payments on Real Property Debt Paid by Debtor**

| Name of Creditor | Property Address | Monthly Payment Amount |
|---|---|---|
| 1. Capital One, N.A. | 13101 N Highway 1, Mendocino CA 95460 | $4,337.01 |

   *** NOTE: No payments will be made until creditor is determined to have a valid security interest in the property. See #12 below.

D) **Pre-Petition Debt on Real Property:**

The Trustee shall pay defaulted real property debt. This prorata payment for defaulted real property debts will begin after payment in full of the Attorney fees and costs listed in section 3 above.

| Name of Creditor | Property Address | Defaulted Debt | Interest Rate |
|---|---|---|---|
| 1. Capital One, N.A. | 13101 N Highway 1, Mendocino CA 95460 | $70,000.00 | 3.125% |

5. **EXECUTORY CONTRACTS/LEASES: NONE**

6. **PRIORITY CLAIMS:**
   Trustee shall pay all allowed filed priority claims and will pay the claims listed in 6B below, prior to paying those unsecured priority claims listed in sections 6C, 6D, and 6E below. Those claims listed in sections 6C, 6D and 6E below will be paid prorata.

   A) **Post Petition Domestic Support Obligations: NONE**

   B) **Pre-Petition Arrearages owed to Domestic Support Obligation Creditors: NONE**

   C) **Pre-Petition Domestic Support Obligations assigned to or owed to a governmental unit: NONE**

   D) **Priority Tax Claims:**

   | Name of Creditor | Address | Amount Due |
   |---|---|---|
   | 1. Internal Revenue Service | Internal Revenue Service<br>Centralized Insolvency Operation<br>PO BOX 7346<br>Philadelphia, PA 19101-0326 | $6,061.00 |

   E) **Other Priority Claims: NONE**

7. **UNSECURED DEBTS TO BE PAID WITH INTEREST: NONE**

8. **OTHER UNSECURED DEBTS**
   Allowed unsecured claims shall be paid from funds remaining, after payment of the debts described (whether or not paid in full with interest) in Sections 2 through 6 above. The amounts to be paid under this Section 8 are estimated to be 100% (ONE HUNDRED) percent of allowed claims. (Prorata Plan)

9. Trustee is to be provided, thru the commitment period of the Plan, with Debtor's future Federal Tax Returns, beginning with the 2012 tax year, by May 15th of the year following the year of the return. Trustee may request and Debtor must supply current income and expense information, on required Trustee forms, for each of the years that the tax returns are provided.

10. The Debtor elects to have property of the estate revest in the Debtor upon Plan confirmation. Once the property revests, the Debtor may sell or refinance real or personal property, without further order of the Court, upon approval of the Chapter 13 Trustee.

11. Notwithstanding any contrary language elsewhere in the plan, debtor does not seek through the confirmation and consummation of this plan either a determination of the dischargeability of any debt or the discharge of any debt that is non-dischargeable in a Chapter 13 case pursuant to section 1328 of the Bankruptcy Code.

12. Debtor(s) shall file a Adversary Proceeding Quite Title or to Value and Avoid Lien (the "Proceeding") with respect to the lien held by the following Creditor(s): Third Federal Savings and Loan.

    The above Creditors are disputed subordinate lien holders on debtor's residence located at 13101 N Highway 1, Mendocino CA 95460 in an approximate amount of $150,000.00. Debtor will request a judgment from the Court valuing and avoiding the lien.

    No payment will be made to the above Creditors as a secured subordinate lien holder while the Proceeding is pending.

If the court issues the judgment and determines the subordinate lien held by the Creditors is unsecured within the meaning of 11 U.S.C. § 506, the lien shall be dealt with as provided in the Court's GUIDELINES FOR VALUING AND AVOIDING LIENS IN INDIVIDUAL CHAPTER 11 CASES AND CHAPTER 13 CASES.

If the Court does not issue the judgment in favor of the debtor(s), the Debtor(s) shall promptly, but no more than fourteen (14) days from Notice of Entry of the adverse judgment, amend the Plan to provide for appropriate treatment of this lien, consistent with the subject order.

If the Court does issue the judgment in favor of the debtor(s), then the subject creditor will not be provided for in this Chapter 13 plan as their debt was discharged in Debtor's former Chapter 7 Bankruptcy Case No. 08-10489. Said case was filed March 20, 2008 and discharged August 26, 2008.

If the Debtor(s) fails to timely file an amended Plan as provided for above, the Creditor or the Trustee may file a Motion to Dismiss for failure to prosecute the case or Creditor may file a Motion for Relief from Stay.

The Chapter 13 Plan shall not be confirmed until the Court enters its judgment.

13. Debtor will proceed with either the current lawsuit or a new lawsuit and/or CA State Bar action against former attorney Judson Farley.

14. Debtor will proceed with a lawsuit and/or State Bar action against former attorney Peter Mancus.

Dated: May 10, 2012   /s/ Catherine Diane Miller   /s/ Kenneth Gerald Stocks
   Catherine Diane Miller   Kenneth Gerald Stocks